UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GUILLERMINA ALVARADO-PUENTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:07CV115 LMB |
| ) | |
| A&A ENTERPRISES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court upon plaintiff's Petition, originally filed in the Circuit Court of Scott County, alleging personal injury and uninsured motorist claims against defendants. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c).

Presently pending before the court is Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's Claims Against Defendant State Farm Mutual Automobile Insurance Company and For Order Compelling Arbitration. (Document Number 14). Also pending is Defendant State Farm Mutual Automobile Insurance Company's Request for Additional Time to Plead. (Doc. No. 12).

### Background

Plaintiff alleges six counts in her Petition. In Count I, plaintiff alleges a negligence claim against Defendant Alexander Cisneros for personal injuries she sustained in a motor vehicle accident. In Count II, plaintiff states a negligence claim against Defendant A&A Enterprises for personal injuries she sustained in a motor vehicle accident. In Count III of her Petition, plaintiff alleges an uninsured motorist coverage claim against Defendant State Farm Mutual Automobile Insurance Company for the personal injuries she sustained. In Count IV, plaintiff asserts a

wrongful death claim against Defendant Cisneros for her husband's death.  In Count V, plaintiff alleges a wrongful death claim against Defendant A&A Enterprises for her husband's death.  Finally, in Count VI of her Petition, plaintiff alleges an uninsured motorist coverage claim against Defendant State Farm Mutual Automobile Insurance Company for the death of her husband.

## Discussion

### I. Standard

The United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007), that a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." 127 S.Ct. at 1974 (abrogating the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

### II. Defendant's Motion to Dismiss

In its motion to dismiss, defendant notes that plaintiff states in her Petition that she was covered by a liability insurance policy issued by State Farm and that the uninsured motorist coverage would provide her coverage for her injuries and the death of her husband.  Defendant states that the State Farm insurance policy at issue was issued in the State of Illinois to an Illinois resident for vehicles that were principally garaged in Illinois.  Defendant states that the agency that issued the policy was an Illinois agency.  Defendant argues that Illinois law would, therefore, apply.  Defendant states that the terms of the policy require that questions of fault relating to uninsured and underinsured motor vehicle coverage are to be determined by arbitration.  Defendant contends that under Illinois law, arbitration of uninsured motorist claims is mandatory.

Defendant thus requests that the court dismiss plaintiff's cause of action and order that the matter be arbitrated. Plaintiff has not filed a Response to defendant's motion.

The State Farm policy issued to plaintiff provides as follows, in relevant part:

> **Deciding Fault and Amount-Coverages U, U1 and W**
> Two questions must be decided by agreement between the *insured* and us:
> 1. Is the *insured* legally entitled to collect damages from the owner or driver of the *uninsured motor vehicle* or *underinsured motor vehicle*; and
> 2. If so, in what amount?
> If there is no agreement, these questions shall be decided by arbitration.
>
> Upon the *insured* requesting arbitration, each party to the dispute shall select an arbitrator and the two arbitrators so named shall select a third arbitrator. If such arbitrators are not selected within 45 days from such request, either party may request that such arbitration be submitted to the American Arbitration Association.
>
> Under the uninsured motor vehicle coverages, the written decision of any two arbitrators shall be binding on each party for the amount of damages not exceeding the limits set forth in the Illinois Safety Responsibility Law.
>
> Under underinsured motor vehicle coverage, the written decision of any two arbitrators shall be binding on each party.

Def's Ex. A.

Under Illinois law, arbitration of uninsured motorist claims is mandatory. See 215 ILCS 5/143a. The statute provides, in relevant part:

> [n]o policy shall be renewed, delivered, or issued for delivery in this State unless it is provided therein that any dispute with respect to the coverage shall be submitted for arbitration to the American Arbitration Association or for determination in the following manner: Upon the insured requesting arbitration, each party to the dispute shall select an arbitrator and the 2 arbitrators so named shall select a third arbitrator.

Id. The Illinois Supreme Court has interpreted this section to require that the issues of liability and damages be submitted to arbitration for resolution and are not subject to judicial resolution or to judicial review, except under limited circumstances. See State Farm Fire & Casualty Co. v. Yapejian, 605 N.E.2d 539, 542-43 (1992).

The undersigned finds that under Illinois law, which is applicable in this case, plaintiff's uninsured motorist coverage claim against Defendant State Farm Mutual Automobile Insurance Company must be submitted to arbitration. Thus, Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's Claims Against Defendant State Farm Mutual Automobile Insurance Company and For Order Compelling Arbitration will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss Plaintiff's Claims Against Defendant State Farm Mutual Automobile Insurance Company and For Order Compelling Arbitration (Doc. No. 14) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Defendant State Farm Mutual Automobile Insurance Company, Counts III and VI, be and they are **dismissed**.

**IT IS FURTHER ORDERED** that plaintiff's claims against Defendant State Farm Mutual Automobile Insurance Company shall be submitted to arbitration.

**IT IS FINALLY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Request for Additional Time to Plead (Doc. No. 12) be and it is **denied as moot**.

Dated this 18th day of April, 2008.

_Lewis M. Blanton_
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE